UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS and MARK BLITZ,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>KEVIN CLARK, ET AL.,<br><br>　　　　　Defendants. | CIV. NO. 20-00119 LEK-RT |

**ORDER GRANTING VOLUNTARY DISMISSAL**

　　　　Before the Court is pro se Plaintiffs Brian Evans ("Evans") and Mark Andrew Blitz's ("Blitz" and collectively "Plaintiffs") motion to dismiss their complaint without prejudice ("Motion"). [Complaint for a Civil Case Alleging Breach of Contract ("Complaint"), filed 3/17/20 (dkt. no. 1); Motion, filed 4/9/20 (dkt. no. 7).] No defendants have been served, nor has any defendant filed a response to the Motion or the Complaint. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. The Court hereby grants voluntary dismissal of the Complaint without prejudice.

**BACKGROUND**

　　　　In their Complaint, Plaintiffs allege breach of contract claims against Defendants Kevin Clark, Point Motion

Control, L. David Mounts, Daniel Smith, Golden Wish, LLC, and New England Patent & Trademark. [Complaint at pgs. 2-3, 6.[1]] On March 17, 2020, Evans and Blitz each filed an Application to Proceed in District Court Without Prepaying Fees or Costs (collectively "Applications"). [Dkt. nos. 3, 4.] The Motion is liberally construed as a motion brought pursuant to Fed. R. Civ. P. 41(a)(2).[2] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that a court is to liberally construe a document filed by a pro se party).

---

[1] Because not all pages in the Complaint are consecutively numbered, the page numbers as cited refer to the numbers assigned by the district court's electronic case filing system.

[2] Federal Rule of Civil Procedure 41(a) provides, in relevant part:

> (1) By the Plaintiff.
>
> (A) Without a Court Order. Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .

**DISCUSSION**

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations and footnote omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Additionally, courts consider: whether the plaintiff's request was timely; see Deckers Outdoor Corp. v. Romeo & Juliette, Inc., Case No. 2:15-cv-02812-ODW(CWx), 2016 WL 5842187, at *4 (C.D. Cal. Oct. 5, 2016); and "whether a dismissal would result in a waste of judicial time and effort," United States v. Baisden, No. 1:06-cv-01368-AWI-MJS, 2014 WL 7507278, at *4 (E.D. Cal. Nov. 14, 2014) (citation omitted).

Here, no defendant can show legal prejudice. Furthermore, the request is timely, and dismissal will not result in a waste of judicial time. Finally, Plaintiffs' request for dismissal is on terms the Court deems proper. See Rule 41(a)(2). Therefore, voluntary dismissal is appropriate. The dismissal is without prejudice to the filing of a **new action** addressing the claims Plaintiffs alleged in the Complaint.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to Dismiss Without Prejudice, filed April 9, 2020, is HEREBY GRANTED. Plaintiffs' Applications are DENIED AS MOOT, and the Clerk's Office is DIRECTED to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 16, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRIAN EVANS, ET AL. VS. KEVIN CLARK, ET AL; CV 20-00119 LEK-RT; ORDER GRANTING VOLUNTARY DISMISSAL**